Charanjit Singh CHANDHAR, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70023.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Jerry L. Short, Esq., U.S. Attorney's Office, Charles Evans Whittaker Courthouse, Kansas City, MO, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Charanjit Singh Chandhar, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to consider Chandhar's challenge to the denial of CAT relief because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction over petitioner's remaining claims pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the internal inconsistency in Chandhar's testimony regarding whether he was in hiding in Uttar Pradesh or attending a public celebration in his village in the Punjab are not minor and go to the heart of his asylum claim. *See id.* at 1043.

Because Chandhar cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

To the extent that Chandhar contends that the IJ was biased against him, we conclude that the IJ's language did not reflect a bias against Chandhar, and that, even if the IJ had been biased, Chandhar failed to show that he suffered any prejudice. *See Hassan v. INS,* 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.